The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below.





Russ Kendig
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 13 |
| | ) | |
| MARTIN LLOYD NORMAN, SR. | ) | CASE NO. 10-60118 |
| AND MERRILEE HOPE NORMAN, | ) | |
| | ) | JUDGE RUSS KENDIG |
| Debtors. | ) | |
| | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| | ) | **(NOT INTENDED FOR** |
| | ) | **PUBLICATION)** |

    This case is before the court on the chapter 13 trustee's ("Trustee") objection to confirmation of Debtors' second amended plan. Trustee claims that Debtors miscalculated the chapter 7 value and must contribute more to the plan to satisfy the liquidation value to meet the requirements of 11 U.S.C. §1325(a)(4). Debtors focus their argument on their ability to deduct hypothetical chapter 7 trustee fees to arrive at the liquidation value. The court held a hearing on January 5, 2001. Following the hearing, the parties submitted memoranda of law.

    The court has jurisdiction of this matter pursuant to 28 U.S.C. §§ 1334 and the general order of reference entered in this district on July 16, 1984. Venue in this district and division is proper pursuant to 28 U.S.C. § 1409.

    This opinion is not intended for publication or citation. The availability of this opinion, in electronic or printed form, is not the result of a direct submission by the court.

1

## ANALYSIS

Debtors' pose the central issue as a matter of law: whether they can deduct hypothetical chapter 7 trustee fees in arriving at a liquidation value for the purposes of 11 U.S.C. § 1325(a)(4). Trustee concedes this point. Trustee's issue is with Debtors' figures.

According to Trustee, the chapter 7 liquidation value of this case is $6,549, not the $5,400 proposed in the amended plan. The liquidation analysis attached to Trustee's brief details her calculations. She starts with a total property value of $27,700.[1] This amount is reduced by the value of the liens,[2] exempt amounts from Schedule C,[3] and liquidation costs of ten percent, for a total of $8,110. Once chapter 7 trustee fees of $1,561, calculated under 11 U.S.C. § 326, are deducted, Trustee arrives at a liquidation value of $6,549.

Debtors arrive at the $5,400 liquidation value by deducting chapter 7 fees from $6,940.[4] No basis for Debtors' $6,940 figure is provided and the court failed in several attempts to divine how Debtors arrived at it. This figure is the heart of the disagreement between the parties. Trustee's comparable figure is $8,110. The material question is why the Debtors' figure differs from Trustee's.

As the objecting party, Trustee bears the initial burden to show that the plan does not meet a requirement for confirmation. *See* In re Lofty, 437 B.R. 578 (Bankr. S.D. Ohio 2010); In re Marchionna, 393 B.R. 512 (Bankr. N.D. Ohio 2008). Trustee successfully established that Debtors' plan fails to provide a return to unsecured creditors equal to that which "would be paid on such claim if the estate of the debtor were liquidated under chapter 7 of this title." 11 U.S.C. § 1325(a)(4). Once Trustee meets the initial burden of proof, Debtors must carry the burden of persuasion. *See* Lofty, 437 B.R. 578, 584; Marchionna, 393 B.R. 512, 517. Essentially, Debtors must rebut the presumption created by Trustee's proof.

Debtors failed to carry their burden. Trustee provided a detailed analysis of the valuations and deductions underpinning her $8,110 figure. Debtors provided no foundation for their $6,940 and have not persuaded the court that the Trustee's liquidation value of $6,549 is wrong or that their figure of $5,400 is correct. Trustee's objection to confirmation

---

[1] This is a combination of appraised values, a value presented by Debtors, and a value assigned to one item by Trustee.

[2] Both secured vehicles are undersecured, so Trustee establishes a liquidation value of zero on these items.

[3] Trustee used the original Schedule C filed by Debtors. Debtors filed an amended Schedule C after briefing of this issue concluded. The court is not factoring the amended exemptions into this decision.

[4] Debtors have engaged in felicitous rounding. Even by their own calculations, the actual amount is $5,496.

2

will be sustained.

An order to this effect will be entered contemporaneously with this opinion.

#   #   #

**Service List**:

Toby L. Rosen
Charter One Bank Building, 4th Floor
400 W. Tuscarawas St.
Canton, OH 44702

Nicole L. Rohr
Thrush & Rohr LLC
4410 22nd Street NW
Canton, OH 44708